*846 MEMORANDUM ***
Alfred Arn appeals from the district court’s grant of News Media Groups’ motion for summary judgment on Arn’s claims of retaliation and failure to accommodate a disability in violation of the California Fair Employment and Housing Act (FEHA) and his claim of wrongful termination in violation of public policy. We review the district court’s grant of summary judgment de novo and view the evidence in the light most favorable to Arn. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir.2000).
To establish a failure to accommodate in violation of FEHA, Arn must demonstrate that his employer was aware of his disability and refused to accommodate it. See Brundage v. Hahn, 57 Cal.App.4th 228, 66 Cal.Rptr.2d 830, 835 (1997). While Arn had several conversations with his managers in which he indicated that his job situation was stressful, these conversations were overly vague. Arn never informed his employer that his stress was causing a disability or that he needed accommodations. The summary judgment in favor of News Media Group is AFFIRMED on Arn’s claim of a failure to accommodate.
To establish a prima facie case of retaliation under FEHA, Arn must demonstrate that he engaged in a protected activity, that his employer subjected him to an adverse employment action, and that there is a causal link between the protected activity and the employer’s action. See Morgan v. Regents of Univ. of Cal., 88 Cal. App.4th 52, 105 Cal.Rptr.2d 652, 666 (2000). Arn claims that he engaged in three activities protected under FEHA: he blew the whistle on the environmental practices of his employer, he opposed the sexually hostile work environment caused by his supervisor, and he filed a formal complaint with the California Department of Fair Employment and Housing (DFEH) on July 19, 2001.
Blowing the whistle on environmental practices is not covered by FEHA because it is not conduct that gives rise to discrimination on the basis of any of the protected categories under FEHA. Arn’s complaints regarding his opposition to the sexually hostile environment that he believed his supervisor was creating are the type of “complaints about personal grievances or vague or conclusory remarks that fail to put an employer on notice as to what conduct it should investigate [and] will not suffice to establish protected conduct.” Yanowitz v. L’Oreal USA Inc., 36 Cal.4th 1028, 32 Cal.Rptr.3d 436, 116 P.3d 1123, 1133 (2005). Even if Arn can establish that his complaints regarding his supervisor’s behavior were protected, he has failed to put forward any evidence linking his internal complaints with any of the adverse employment actions he raises.
Arn’s complaint to DFEH is protected activity. See McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1125 n. 19 (9th Cir.2004). Arn established that he was terminated two months after he filed his complaint with DFEH. This temporal proximity alone is sufficient to establish a genuine issue of material fact as to whether a causal link exists. Thomas v. City of Beaverton, 379 F.3d 802, 812 (9th Cir. 2004).
If the employee succeeds in establishing a prima facie case, the burden shifts to the employer to establish a legitimate non-discriminatory reason for the adverse employment action. Morgan, 105 Cal.Rptr.2d at 665. The News Media Group has successfully proffered a legiti *847 mate non-discriminatory reason for terminating Arn. Arn’s employer granted him medical leave for stress. When the medical leave period ended, Arn did not return to work and did not reply to a letter of inquiry asking him to return or to provide evidence that he needed another extension of his medical leave. The letter informed Arn that if he did not reply, his employer would consider him to have abandoned his job. Because Arn never replied, he was terminated for job abandonment.
When a legitimate non-discriminatory reason is proffered, the burden then shifts back to the employee to prove intentional discrimination. Id. Intentional discrimination may be established by either direct or circumstantial evidence. Id. If circumstantial evidence is put forward, it must be “ ‘specific’ and ‘substantial’ in order to create a triable issue with respect to whether the employer intended to discriminate.” Id. (internal citations omitted). The only evidence that Arn offered is that he filed a DFEH complaint and a worker’s compensation claim after he went on medical leave. There is no evidence in the record to suggest that his employer retaliated against him for filing the DFEH complaint by terminating him. Further, there is no evidence in the record demonstrating that his employer was even aware of the DFEH complaint before Arn was terminated. In addition, the filing of the worker’s compensation claim could not be considered a response to the letter of inquiry, nor an extension of Arn’s medical leave request. The summary judgment in favor of News Media Group is AFFIRMED on Arn’s claim of retaliation.
Finally, Arn claims that he was wrongfully terminated in violation of public policy. See Tameny v. Atlantic Richfield Co., 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330, 1336 (1980). Once the employee establishes that he was asked to participate in acts that he believed to be unlawful or in violation of public policy, the employee next bears the burden of establishing “that the employer’s conduct was motivated by impermissible considerations under a ‘but for’ standard of causation.” General Dynamics Corp. v. Superior Court, 7 Cal.4th 1164, 32 Cal.Rptr.2d 1, 876 P.2d 487, 504 (1994). Even if Arn is able to establish that he was required to participate in acts that he believed to be unlawful, he provides no evidence and no argument that his refusal to participate in such acts caused his termination. We AFFIRM the district court’s grant of summary judgment in favor of News Media Group on Arn’s claim of wrongful termination.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.